UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
RONALD B.                     :    Civ. No. 3:21CV000381(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    July 29, 2022
                              :
------------------------------x
```

### ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [Doc. #22]

Plaintiff Ronald B. ("plaintiff") filed an application for Disability Insurance Benefits on October 26, 2018. See Certified Transcript of the Administrative Record, Doc. #12, compiled on June 9, 2021, (hereinafter "Tr.") at 215-16. Plaintiff's application was denied initially on March 25, 2019, see Tr. 108-10, and upon reconsideration on January 14, 2020. See Tr. 117-24.

On June 11, 2020, Administrative Law Judge ("ALJ") Alexander Borré held a hearing, at which plaintiff appeared by telephone with his former counsel, Attorney Mark Wawer. See generally Tr. 31-64. On July 15, 2020, the ALJ issued an unfavorable decision. See Tr. 12-29. On January 19, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's July 15, 2020, decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff,

1

represented by Attorney Olia Yelner, timely appealed that decision to this Court on March 19, 2021. [Doc. #1].

On July 8, 2021, after having sought and received an extension of time, defendant filed the official transcript. See Docs. #10, #11, #12. On October 7, 2021, after having sought and received an extension of time, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Docs. #13, #14, #15. On December 6, 2021, defendant filed a Motion to Affirm the Decision of the Commissioner. See Doc. #19. On April 25, 2022, the Court denied defendant's motion to affirm, and granted plaintiff's motion to reverse, to the extent plaintiff sought a remand for further administrative proceedings. See Doc. #20. Judgment entered for plaintiff on April 26, 2022. [Doc. #21].

On July 19, 2022, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking payment of fees in the amount of $6,580.13. See Doc. #22 (hereinafter the "Motion for Attorney's Fees"). Plaintiff also filed a document reflecting the "Itemization of Time Spent by Olia Yelner in 2021-2022[.]" Doc. #22-1. On July 26, 2022, defendant filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("Stipulation"). See Doc. #23. The Stipulation states that the parties "agree and stipulate that Plaintiff shall be awarded attorney fees in the amount of $6,580.13 under" EAJA "in full and final satisfaction (upon

2

payment) of any and all claims under the EAJA for fees, expenses, and costs." Doc. #23 at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by Attorney Yelner to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Attorney's Fees [**Doc. #22**], for the agreed upon amount of **$6,580.13.**

**DISCUSSION**

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's counsel claims fees for: 5.7 hours of attorney work at the 2020 rate of $209.54 per hour; 23.8 hours of attorney work at the 2021 rate of $217.72 per hour; and 0.9 hours of attorney work at the 2022 rate of $226.67 per hour. See Doc. #22-1 at 1-2; see also Doc. #22 at 1. The parties have reached an agreement under which defendant would pay $6,580.13 in fees, which is the entirety of the attorney time sought. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437

4

(1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review Attorney Yelner's fee itemization to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.
[2] The request for attorney's fees is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)

5

In this case, plaintiff's counsel seeks payment for a total of 30.4 hours of attorney time. See Doc. #22 at 1. The administrative transcript in this case was comprised of 1,142 pages and plaintiff's counsel, who did not represent plaintiff at the administrative level, submitted a thorough and well-reasoned brief. See generally Doc. #15. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #12]; preparation of the motion to reverse and supporting memorandum [Docs. #15, #15-1]; and preparation of the statement of material facts [Doc. #15-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple

---

("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on June 27, 2022, 60 days after judgment for plaintiff entered. The Motion for Attorney's Fees was filed on July 19, 2022, before the expiration of the filing deadline on July 27, 2022. See Doc. #22.

citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 30.4 hours claimed in attorney time is reasonable because "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted).

Accordingly, the Court finds that the claimed time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$6,580.13** in fees is appropriate, and the Court **GRANTS** plaintiff's Motion for Attorney's Fees [**Doc. #22**], for the agreed upon amount of **$6,580.13.**

It is so ordered at Bridgeport, Connecticut this 29th day of July 2022.

                                               /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES DISTRICT JUDGE